IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOANNE POLIS,

          Plaintiff,

   v.

HARRAH'S HOTEL AND CASINO,

          Defendant.

Civil Action
No. 11-907 (JBS/KMW)

**MEMORANDUM OPINION**

**SIMANDLE,** District Judge:

    This matter comes before the Court on Defendant Harrah's
Hotel and Casino's ("Harrah's") Motion for Summary Judgment
[Docket Item 11], which will be denied because the Court finds as
follows:

    1.   On August 27, 2010, Plaintiff Joanne Polis slipped on a
puddle of clear liquid in Defendant's passageway and fell. (Pl.
Statement of Facts ("SOF"), ¶ 1.) Harrah's investigated the
incident, documented the puddle, and cleaned it up. (Pl. SOF ¶
2.) A security guard was stationed near the location where
Plaintiff fell, but he left the area for 25 minutes right before
Plaintiff fell. (Pl. SOF ¶ 10.) The guard "was actually standing
with his back to the floor when the accident took place." (Pl.
Opp'n at 10.) As a result of the incident, Plaintiff sustained a
serious knee injury that required surgery. (Pl. SOF ¶ 2.)

    2.   Plaintiff filed an action in this Court against
Defendant Harrah's and other unnamed John Doe and ABC Company

1

Defendants who maintain Harrah's premises. Plaintiff alleged that Defendants "negligently failed to maintain the premises, to properly clean the floor, to clean up any spilled liquid, and otherwise maintain the premises in a proper state of repair." (Compl. ¶ 8.)

3.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a New York resident, Defendant's principal place of business is in New Jersey, and Plaintiff has alleged over $75,000 in damages. New Jersey law provides the rule of decision.

4.    Defendant Harrah's filed a Motion for Summary Judgment [Docket Item 11], arguing it had not acted negligently. It stated that "there is no evidence to prove how the alleged condition was created, how long it existed prior to plaintiff's fall, and whether any Harrah's employees had actual or constructive notice of the condition prior to the incident." (Def. Br. Supp. Mot. Summ. J. at 2.) Harrah's emphasized that the mere existence of a dangerous condition does not establish actual or constructive notice of that condition. Defendant noted that Plaintiff did not produce evidence showing how long the puddle existed.

5.    Plaintiff filed opposition. [Docket Item 14.] She argues that there is a genuine question of fact regarding how long the puddle existed and whether Harrah's exercised reasonable care in inspecting the premises. Plaintiff examined Harrah's

surveillance video, which captured Plaintiff's fall, and noted
that the video does not reveal any incident creating or
documenting the spill. Therefore, Plaintiff argues that the spill
existed before the video began. The video begins 38 minutes
before Plaintiff's fall, and so Plaintiff argues the puddle
existed for over 38 minutes. In addition, Plaintiff argues that
the security guard "vacated his post for a total of almost 30
minutes prior to the incident, returned only seconds before the
accident, and kept his back to the floor and fall site while
talking without making any reasonable attempts to inspect the
premises." (Pl. Opp'n at 5.) Finally, Plaintiff argues that she
is entitled to a presumption of negligence because a spill on the
floor is a substantial risk inherent in the method or mode of
operation of a casino. Plaintiff noted that the security video
reveals numerous patrons walking with beverages in open
containers. She also emphasized that the Court must give the
Plaintiff all favorable inferences.

      6.   Defendant responded [Docket Item 15] to Plaintiff's
argument that the spill existed for over 38 minutes. Defendant
argued that (1) the camera does not capture the entire floor
area, (2) that the person causing the spill may not have been
visible, (3) that numerous Harrah's employees who were
responsible for conducting reasonable inspections passed through
the area, (4) that one employee can be seen picking up a cup on

the video, and (5) that the video shows crowds of patrons walking over the exact area where Plaintiff fell without incident.

7.    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit. Id. The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007).

8.    This case involves premises liability. The New Jersey Supreme Court stated, "[b]usiness owners . . . owe a duty to provide a safe environment to the people they invite onto their premises." Bauer v. Nesbitt, 198 N.J. 601, 615 (2009) (internal citations omitted). Although business owners have a duty to invitees to maintain the premises in a reasonably safe condition, whether the owner breached this duty depends in part on whether "the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). "Constructive knowledge refers to notice that a particular condition existed

4

for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner . . . been reasonably diligent." Kempf v. Target Corp., No. 06-1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing Parmenter v. Jarvis Drug Store, 48 N.J. Super. 507, 510 (N.J. App. Div. 1957)). Thus, to make a prima facie case of premises liability, a plaintiff must show either "(1) that defendant knew of the unsafe condition for a period of time prior to plaintiff's fall sufficient to permit defendant . . . to have corrected it; or (2) that the condition had existed for a sufficient length of time prior to plaintiff's injury that . . . defendant should have discovered its existence and corrected it." Collier v. Borgata Hotel Casino & Spa, A-6132-07T1, 2009 WL 2707359, *5 (N.J. App. Div. Aug. 31, 2009).

9.   Plaintiff has not alleged that Defendant had actual notice of the puddle; therefore, the Court will limit its analysis to whether a reasonable jury could find that the condition existed for a sufficient length of time such that Harrah's should have discovered its existence and corrected it. A District of New Jersey case, Toney v. Boardwalk Regency Corp., CIV. 084072NLHKMW, 2010 WL 148805, *3 (D.N.J. Jan. 13, 2010), is applicable. The Toney court granted summary judgment for the defendant because the plaintiff, who slipped on a maraschino cherry at a casino, did not satisfy his "burden to establish that the condition had existed for a sufficient length of time prior

to [the] injury that in the exercise of reasonable care defendant should have discovered its existence and corrected it." Id. at *3. Plaintiff Toney only provided still photographs showing his fall, not any video showing how long the smashed cherry had been on the floor. Plaintiff Polis distinguishes Toney by arguing that, in this case, Plaintiff has presented the entire surveillance video, not simply still photographs. Plaintiff argues that the video does not reveal any incident creating or documenting the spill. Therefore, Plaintiff argues that the spill existed before the video began, i.e. over 38 minutes.

10.  Plaintiff has identified a material dispute of fact because a reasonable jury could conclude that the clear puddle existed for over 38 minutes, even though it is not visible on the video. Absent an incident on the video showing the spill, there is a disputed factual issue regarding when the puddle arose. If the puddle existed for over 38 minutes, as Plaintiff argues, then a reasonable jury could conclude that Harrah's acted negligently in failing to identify and clean the spill. Harrah's argues that Plaintiff "cannot prove with certainty that it was even possible to see the person creating the condition on the surveillance camera." (Harrah's Reply at 2.) At this procedural stage, Plaintiff's burden is not to "prove with certainty"; her burden is to identify a genuine dispute of material fact. She has done so, and Harrah's motion will be denied.

6

11.  In addition, Plaintiff argues that the security guard was negligent because he "vacated his post for a total of almost 30 minutes prior to the incident, returned only seconds before the accident, and kept his back to the floor and fall site while talking without making any reasonable attempts to inspect the premises." (Pl. Opp'n at 5.) A business owner has a duty to conduct reasonable inspections to discover latent dangerous conditions. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993). Harrah's argues that the video "reveals numerous Harrah's employees walking through the location of plaintiff's fall who were tasked with conducting a reasonable inspection to discover the defective condition." (Harrah's Reply at 2.) Harrah's notes that the video shows one "employee walking through the exact location of plaintiff's fall . . . and taking notice of a cup in the area and picking it up and moving it." (Harrah's Reply at 2.) Harrah's does not submit that any of these employees who passed through the location actually conducted any inspections, only that they were tasked with that duty. A reasonable jury could conclude that, while many employees passed through the area, none of them actually conducted a reasonable inspection and that picking up a cup does not constitute an inspection, particularly because a cup is more visible than clear fluid. Plaintiff has, therefore, also identified a disputed issue of material fact regarding whether Harrah's conducted reasonable inspections.

12.   In another argument, Plaintiff argues that she need not establish actual or constructive notice because "there is actually a *presumption* of negligence on the Defendant and the Plaintiff is relieved of coming forward with proof of actual or constructive of [sic] such dangerous condition." (Pl. Opp'n at 5.) In support of this proposition, Plaintiff cites Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559 (2003), which establishes that a plaintiff who slipped on a grape at the supermarket check-out aisle is entitled to a presumption of negligence because the grapes were "loose items" in open bags and were "reasonably likely to fall to the ground during customer or employee handling." Id. at 565; see also Bozza v. Vornado, 42 N.J. 355 (1964) (plaintiff entitled to a presumption of negligence when she slipped on fluid at a self-service drink counter).

13.   Because Plaintiff has already identified genuine disputes of material facts, the Court need not determine here whether Plaintiff is entitled to a presumption of negligence. But the Court will note that these presumption-of-negligence cases involve situations where spills are expected because customers are constantly handling loose fruit or beverages. It seems unlikely that the Plaintiff could establish that spills are expected to the same degree in a casino passageway. One New Jersey Appellate Division, Caivano v. Showboat Hotel-Casino, A-0212-06T3, 2007 WL 2592998 (N.J. Super. Ct. App. Div. Sept. 11,

2007), is informative. In that case, the plaintiff slipped on a wet paper towel in the casino lobby area. The issue was whether the paper towel had been on the ground for sufficient amount of time to create constructive notice. That case did not specifically analyze whether the presumption-of-negligence applied, but the legal analysis was whether actual or constructive notice existed. It seems that a casino hallway is likely to be analyzed similarly to a casino lobby, as opposed to a supermarket aisle or drink counter.

14.   In making her presumption-of-negligence argument, Plaintiff argued that "all favorable inferences must be given to the Plaintiff in this analysis." (Pl. Opp'n at 12.) Plaintiff misstates the standard. The Court must make factual inferences in Plaintiff's favor, but Plaintiff is not entitled to the same deference in the Court's legal analysis.

15.   The Court will deny Defendant Harrah's Motion for Summary Judgment because Plaintiff established a genuine dispute of fact as to whether Harrah's had actual or constructive notice of the fluid on the floor. The Court will not determine, at this time, whether Plaintiff is entitled to a presumption of negligence. The accompanying Order will be entered.

**November 21, 2012**               **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge

9